IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mark E. Wardlow, | ) | No. CV 10-538-TUC-DCB (HCE) |
| Plaintiff, | ) | **REPORT & RECOMMENDATION** |
| vs. | ) | |
| Ralph's Moving & Storage, | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant's "Motion for Judgment on the Pleadings, Or In the Alternative, Motion for Summary Judgment" (Doc. 25). For the following reasons the Magistrate Judge recommends that the District Court grant Defendant's Motion for Judgment on the Pleadings and deny Defendant's alternative Motion for Summary Judgment as moot.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff filed this *pro se* action pursuant to "Title VII, Age Discrimination in Employment Act" (hereinafter "ADEA") against his former employer. (Complaint (Doc. 1), p.1). Plaintiff alleges that he began working for Defendant as a driver on May 22, 2008. (*Id.*). According to Plaintiff, during the term of his employment, Robbie Wicks, the son of the owner of Defendant business, began hiring employees whom Mr. Wicks referred to as "a younger batch of employees...[and] the face of the future of Ralph's Moving and Storage." (*Id.* at, p.2) Plaintiff also alleges that the general manager, Scott Ferree, promised him a

"C.D.L. License Training Program", but Plaintiff was later told in May or June of 2009 that he would not be trained because Defendant "had the new employees to take care of first, as they could provide more years of service." (*Id.*). Plaintiff further alleges that he was disciplined for things he did not do and when he asked why, he was told that "I was a liability at my age." (*Id.*). According to Plaintiff, his hours and assignments were assigned to the younger employees.

Plaintiff alleges that in September 2009, he filed a complaint with the EEOC alleging age discrimination. (*Id.* at p.3). Plaintiff alleges that after Defendant received his EEOC complaint, his hours were reduced and he was written up twice, once for missing a day of work even though he had called in as required. (*Id.*). According to Plaintiff, in October 2009, Mr. Ferree terminated Plaintiff for "'making waves'...." (*Id.*).

On December 30, 2011, Defendant filed the instant Motion arguing that Plaintiff failed to state a claim for relief under the ADEA because Plaintiff failed to allege he is within the class of individuals protected by the Act or that he was qualified to be promoted. (*See* Defendant's Motion, p. 2 (*citing Epps v. Phoenix Elem. Sch. Dist,* 2009 U.S.Dist. LEXIS 32814 *14-15, 2009 WL 996308, *5, (D.Ariz. April 14, 2009) (In order for plaintiff to establish a *prima facie* case of age discrimination, he must show that he was: (1) a least 40 years old; (2) performing his job in a satisfactory manner; (3) discharged; and (4) replaced by a substantially younger employee with equal or inferior qualifications.)). Defendant also argues that Plaintiff failed to exhaust his claim of retaliation with the EEOC. Alternatively, Defendant seeks summary judgment arguing that Plaintiff failed to meet the relevant requirements to be promoted to "CDL" driver status and that legitimate, nondiscriminatory reasons supported Defendant's decision to terminate Plaintiff.

On January 5, 2012, the Court entered an order advising Plaintiff, *inter alia,* that pursuant to LRCiv 7.2(i), Rules of Practice of the U.S. District Court for the District of Arizona, his failure to respond to Defendant's Motion by January 30, 2012, may be deemed as Plaintiff's consent to the granting of the motion and that the Court may enter judgment

against Plaintiff. (Doc. 28). The time to respond to Defendant's Motion has passed and Plaintiff has not filed a response.

## II. DISCUSSION

Under LRCiv 7.2(i), if the opposing party to a motion, such as a motion to dismiss or a motion for summary judgment, "does not serve and file the required answering memoranda ...such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." "[F]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal of action pursuant to a local rule similar to LRCiv. 7.2(i) where the plaintiff failed to file an opposition to the defendant's motion to dismiss). Whether to dismiss the action for failure to respond to a motion to dismiss is within the trial court's discretion. *Id.* In exercising its discretion, the trial "court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id*. (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

Herein, the first three factors tip the balance in favor of dismissal. Moreover, although public policy favors disposition of cases on their merits, the record reflects that Plaintiff has made no effort to continue with this action. Not only has Plaintiff failed to respond to Defendant's Motion, but he has also failed to file his witness list within the time set by the Court. (*See* Doc. 27). Plaintiff's failure to respond to Defendant's Motion despite the Court's express warning of the consequences supports the conclusion that imposition of less drastic sanctions would not be beneficial. *See Henderson,* 779 F.2d 1421 (affirming dismissal where the plaintiff failed to meet deadlines despite court's express warning of consequences). Indeed, in such a case as this, the Ninth Circuit has affirmed dismissal. *See Ghazali,* 46 F.3d at 53-54.

### III. CONCLUSION

The time to respond to Defendant's Motion has expired and Plaintiff has not filed a response. Plaintiff has been advised that his failure to file a timely response may be deemed as his consent to the granting of Defendant's Motion. The five factors identified by the Ninth Circuit for consideration in such cases support granting Defendant's Motion to Dismiss pursuant to LRCiv. 7.2(i). Defendant's alternative Motion for Summary Judgment should be denied as moot.

### IV. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court grant Defendant's Motion for Judgment on the Pleadings (Doc. 25) pursuant to LRCiv. 7.2(i) and deny Defendant's alternative Motion for Summary Judgment (Doc. 25) as moot.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed.R.Civ.P. 72(b)(2). If objections are filed, the parties should use the following case number: **CV 10-538-TUC-DCB**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 6th day of February, 2012.

_____
Héctor C. Estrada
United States Magistrate Judge